# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 18, 2025

```
* * * * * * * * * * * * * *  *
CORLETTA LAGRANGE,           *    No. 21-1962V
                             *
         Petitioner,         *    Special Master Young
                             *
v.                           *
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
         Respondent.         *
* * * * * * * * * * * * * *  *
```

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for Petitioner.
*Lauren Kells*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CLAIM[1]

On October 4, 2021, Corletta LaGrange filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that the administration of the influenza ("flu") vaccine she received on October 4, 2018, caused her to suffer transverse myelitis and lower extremity impairment. Pet. at 1. The information in the record, however, does not show entitlement to an award under the Program.

On February 26, 2025, Petitioner moved for the voluntary dismissal of this case, pursuant to Vaccine Rule 21(b). ECF No. 67. In her motion, Petitioner stated that a meeting with an expert about the facts and science of this case "demonstrated to the Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *Id.* ¶ 1. She continued, "[i]n

---

[1] Because this unpublished ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

these circumstances, to proceed any further would be unreasonable and would waste the resources of the Court, the [R]espondent and the Vaccine Program." *Id.* ¶ 2. Respondent did not oppose Petitioner's motion. *Id.* ¶ 4. Vaccine Rule 21(b) provides that I may dismiss a petition or any claim therein at the request of Petitioner, on terms that I consider proper, by issuance of a decision pursuant to 42 U.S.C. § 300aa-12(d)(3).

To receive compensation under the Program, Petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Examination of the record does not disclose sufficient evidence to establish that Petitioner suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Petitioner's alleged injury was vaccine-caused.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, the petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that Petitioner was injured by a vaccine.

**For these reasons, in accordance with Vaccine Rule 21(b) and Section 12(d)(3)(A) of the Vaccine Act, this case is <u>DISMISSED</u> for insufficient proof. The Clerk shall enter judgment accordingly.**[3]

**IT IS SO ORDERED.**

s/Herbrina D.S. Young<br>Herbrina D.S. Young<br>Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.