# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: July 24, 2026

| | | |
|---|---|---|
| CORLETTA LAGRANGE, Petitioner, | * | No. 21-1962V |
| v. | * | Special Master Young |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for Petitioner;
*Lauren Kells*, United States Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On October 4, 2021, Corletta LaGrange ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Pet., ECF No. 1. Petitioner alleged that the administration of the influenza ("flu") vaccine she received on October 4, 2018, caused her to suffer transverse myelitis and lower extremity impairment. *Id.* at 1. On March 18, 2025, I issued a decision dismissing the petition. ECF No. 68.

On October 27, 2025, Petitioner filed a motion for attorneys' fees and costs. Pet'r's Mot. for AFC, ECF No. 73. Petitioner requests total attorneys' fees and costs in the amount of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$14,855.85, representing $13,958.30 in attorneys' fees and $897.55 in attorneys' costs. Pet'r's Mot. for AFC at 1. Pursuant to General Order No. 9, Petitioner states that she personally incurred $402.00 in out-of-pocket costs related to the prosecution of her petition. Pet'r's Mot. for AFC, Ex. 1 at 1. Respondent responded to the motion on November 10, 2025, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 5 ECF No. 74. Petitioner did not file a reply.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, although the petition was eventually dismissed, I am satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Timeliness of Motion for Fees

Vaccine Rule 13 provides that a request for fees and costs must be filed within 180 days after judgment is entered. RCFC, Vaccine Rule 13(a). In this case, judgment was entered on May 15, 2024, making Petitioner's motion due on April 1, 2025. Petitioner filed her motion for attorneys' fees and costs on October 27, 2025, twenty-eight days beyond the required deadline. Petitioner did not provide a justification for the untimely filing and did not file a motion for extension of time within the deadline.

I will award attorneys' fees and costs in this matter, despite the motion's facial untimeliness; however, counsel is cautioned that leniency may not be extended for future requests for attorneys' fees.

### B. Reasonable Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

I have reviewed the hourly rates requested by Petitioner for the work of her counsel at Vaccine Injury Clinic (the billing records indicate that the majority of attorney work was performed by Ms. Renee Gentry, with supporting work from Ms. Isabella Capanna). The rates requested in this matter are consistent with what counsel and support staff have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein.

### C. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review of the submitted billing records, I find most of the time billed to be reasonable. However, a minor reduction is necessary for administrative entries that were billed including faxing and/or filing documents. *See* Pet'r's Mot. for AFC Ex. 1 at 10, 13-15, 17-19. Billing for some administrative tasks such as filing, even at a paralegal rate, is not permitted. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." *Paul v. Sec'y of Health & Human Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *see also Rochester*, 18 Cl. Ct. at 387 (stating that services that are "primarily of a secretarial

---

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). These tasks resulted in $227.50 in charged fees. Accordingly, I find that a **$227.50** reduction in attorneys' fees is appropriate.

Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$13,730.80.**

**D. Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $897.55 in attorneys' costs comprised of acquiring medical records, postage, and the Court's filing fee. Pet'r's Mot. for AFC, Ex. 1 at 20-76. Petitioner has provided adequate documentation for all claimed expenses, and they appear reasonable in my experience. Accordingly, Petitioner is awarded the full amount of costs sought.

Finally, Petitioner states that personal costs were incurred in the amount of $402.00 for the court's filing fee. Fees App. Ex. 1 at 1. Petitioner has provided adequate documentation supporting the requested costs and she is awarded the full amount requested.

**II. Conclusion**

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $13,958.30 |
| (Reduction of Fees) | ($227.50) |
| **Total Attorneys' Fees Awarded** | **$13,730.80** |
| | |
| Attorneys' Costs Requested | $897.55 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$897.55** |
| | |
| **Total Attorneys' Fees and Costs** | **$14,628.35** |
| | |
| Petitioner's Costs Requested | $402.00 |
| (Reduction of Costs) | - |
| **Total Petitioner's Costs Awarded** | $402.00 |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $14,628.35, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

**2) A lump sum in the amount of $402.00, representing reimbursement for Petitioner's personally incurred litigation costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.